UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

SEAN GLENN

    Plaintiff,

v.

DURANTE EQUIPMENT, LLC,

    Defendant,

_____/

## **COMPLAINT**

The Plaintiff SEAN GLENN sues Defendant DURANTE EQUIPMENT, LLC, and alleges:

### INTRODUCTION

1. This is an action by Plaintiff SEAN GLENN, under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); the Americans with Disabilities Act ("ADA"); the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA); 42 U.S.C. § 1981, and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to him by the Defendant' discriminatory and retaliatory treatment. This is also an action under Florida common law to recover unpaid wages and for attorney's fees thereon pursuant to Florida Statutes, § 448.08.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331

and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

3. The venue of this action is properly placed in the Southern District of Florida, Ft. Lauderdale Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Broward County, Florida.

## PARTIES

4. Plaintiff SEAN GLENN ("Glenn" or "Plaintiff") is a resident of Broward County, Florida, who was employed by Defendant DURANTE EQUIPMENT, LLC. At the time of his employment with Defendant resided in Broward County, was a fifty-five (55) year old black man who had disability or perceived disability is a member of certain classes of protected persons.

5. Defendant DURANTE EQUIPMENT, LLC ("Durante"), is a Florida limited liability corporation offers heavy duty construction equipment for rental and sale in Miami-Dade, Broward, and Palm Beach counties and is authorized to conduct business in the State of Florida, in Broward County, Florida, and within the jurisdiction of this Court. Durante is, and at all times relevant was, a business whose activity affected interstate commerce.

## PROCEDURAL REQUIREMENTS

6. All conditions precedent to this action have been fulfilled. Plaintiff dual-filed a Charge of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about August 4, 2022, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to

such charge of discrimination, which was received by the Plaintiff on, or about August 4, 2022. *See* **Exhibit "A."**

## STATEMENT OF FACTS

7. Plaintiff is a Black man who was employed by Defendant as a new business developer from December 2020, until his wrongful termination on April 20, 2021.

8. During his employment, Plaintiff's duties included bringing in new and potential rental/sales customers.

9. Since early in his tenure with Defendant Plaintiff was subjected to multiple derogatory comments and actions based on his race.

10. Specifically, in January of February 2020, Defendant's marketing manager, Kurt (ULN) offered Plaintiff cookies that he referred to as "white supremacist cookies," because they had white macadamia nuts and no chocolate chips.

11. On another occasion, David D'atilo, a young Caucasian employee who had been recently promoted to manager stated that "white guys" weren't supposed to get its hands dirty working or Defendant, "that is for you guys to do," referring to black employees.

12. In addition to the racial discrimination that Plaintiff faced, he was the oldest employee working for Defendant and was targeted and ridiculed for his age.

13. Nearly every day, Mr. D'atilo called Plaintiff old man, and constantly made jokes about his age.

14. Most of the other employees called Plaintiff old man, and some called him "skinny negro".

15. Plaintiff first complained of this treatment to Defendant's sales manager John

Donofrio and Defendant's President Steve Halliwell.

16. Plaintiff later complained to Defendant's owner and HR representative, John Durante and Greg (ULN), respectively, however no action was taken to correct this behavior.

17. In mid-April 2021, Plaintiff was moved to a front desk counter position, which was not in the sales position with no possibility of commission, which impacted Plaintiff income, although this was a completely different role than he was hired for.

18. Soon after he was moved, Plaintiff was diagnosed with a medical issue requiring surgery in May or June 2021, with a four-to-six-week recovery time.

19. Plaintiff provide his doctor's note to Greg (ULN) in mid-April.

20. On, or about April 20, 2021, Plaintiff's employment was terminated, and he was told that he was being let go because he was having a medical procedure.

## COUNT I:
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON RACE

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. Plaintiff is a member of a protected class of black citizens.

23. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees

or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

24. During Plaintiff's employment with the Defendant, Plaintiff was subjected to a discriminatory, hostile, and offensive work environment, which was substantially motivated by his race, as more fully described in paragraphs 10-20 of this Complaint.

25. The offensive and discriminatory conduct referred to in paragraphs 10-20 of this Complaint was offensive to Plaintiff and would be offensive to a reasonable person.

26. Plaintiff was terminated on, or about, April 20, 2021.

27. Defendant's decision to discriminate against, and ultimately terminate Plaintiff was because of Plaintiff's race. Alternatively, Plaintiff's race was a motivating factor in Defendant's decision to discriminate against Plaintiff.

28. The Plaintiff was qualified for the position.

29. Any alleged nondiscriminatory reason for terminating Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the discriminatory treatment.

30. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to his race. The discrimination based on race constitutes unlawful discrimination.

31. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

32. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

33. The failure of Defendant to adhere to the mandates of the Act was willful and

its violations of the provisions of the Act were willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SEAN GLENN respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

e) Award Plaintiff punitive damages according to proof;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON RACE

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 and above as if set out in full herein.

35. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

> "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status*"

36. Plaintiff is a member of a protected class of black citizens

37. Defendant's decision to discriminate against Plaintiff was because of his race. Alternatively, Plaintiff's race was a motivating factor that caused Defendant to discriminate against Plaintiff.

38. At all relevant times, including the time of discrimination, Defendant was aware that Plaintiff was black.

39. At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to him by the Defendant.

40. The Plaintiff was qualified for the position apart from his apparent race.

41. During Plaintiff's employment with the Defendant, Plaintiff was subjected to a discriminatory, hostile, and offensive work environment, which was substantially motivated by his race, as more fully described in paragraphs 10-20 of this Complaint.

42. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

43. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

44. Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff because of his race in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

45. Plaintiff was wrongfully terminated by the Defendant and Plaintiff's treatment was directly and proximately caused by the Defendant's unjustified discrimination against

Plaintiff because of Plaintiff's race.

46. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

47. Any alleged nondiscriminatory reason for the Plaintiff's treatment asserted by Defendant is a mere pretext for the actual reason, Plaintiff's race.

48. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to its race. Discrimination based on race constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SEAN GLENN respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

e) Award Plaintiff punitive damages according to proof;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III:
## VIOLATION OF THE ADA – DISABILITY DISCRIMINATION

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

50. Plaintiff was diagnosed with a medical condition that required surgery with a four-to-six-week recovery time.

51. In mid-April Plaintiff notified Defendant of his need for surgery, by providing a doctor's note.

52. On, or about April 20, 2021, shortly after providing the doctor's note, Plaintiff' was terminated and he was told that he was being let go because he was having a medical procedure.

53. Plaintiff's condition qualifies as a disability or was regarded as a disability by Defendant, within the meaning of the ADA.

54. Defendant was aware of Plaintiff's medical condition, including the specific circumstances surrounding the treatment of his condition.

55. At all times during his employment, Plaintiff was qualified to perform the essential functions of his position with or without reasonable accommodations.

56. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment.

57. Defendant discriminated against Plaintiff because of his disabilities, in violation of the ADA. Alternatively, Plaintiff's disability was a motivating factor in the Defendant's decision to discriminate against Plaintiff.

58. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's disability.

59. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to disability. The discrimination on the basis of disability constitutes unlawful discrimination.

60. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SEAN GLENN respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

e) Award Plaintiff reasonable costs and attorney's fees; and

f) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV:
## VIOLATION OF THE FCRA – DISABILITY DISCRIMINATION

61. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

62. Defendant's treatment of Plaintiff as described above is based on Plaintiff's disabilities or Defendant's perception of the same. Alternatively, Plaintiff's disability was a motivating factor in the Defendant's decision to discriminate against Plaintiff.

63. Defendant did not treat similarly situated, non-disabled individuals in the same manner.

64. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of his employment in violation of the FCRA.

65. Plaintiff has been subjected to disparate treatment because of his disability or handicap in violation of the FCRA, and because of such actions by Defendant he has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

66. Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FCRA.

67. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SEAN GLENN respectfully requests that this court order the following:

a) Issue a declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the FCRA;

b) Award injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

c) Award actual damages suffered, including lost wages, loss of fringe benefits and damages;

d) Award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

**COUNT V:**
**VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (ADEA): DISCRIMINATION BASED ON AGE**

68. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

69. Plaintiff began working for the Defendant on, or about, December 2020 until his termination on April 20, 2021.

70. On numerous occasions, as more fully described in paragraphs 10-20 of this Complaint, Plaintiff was ridiculed and treated differently because of his age.

71. At all times material hereto, the Defendant failed to comply with the Age Discrimination in Employment Act, 29 U.S.C. § 623 (a) *et seq.*, as amended, which states, "It shall be unlawful for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

72. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's Age.

73. At all relevant times, including the time of his termination, Defendant was aware that Plaintiff was 55 years old.

74. At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to him by the Defendant. The Plaintiff was qualified for the position apart from his apparent Age.

75. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, as amended.

76. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

77. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his age in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

78. Defendant's termination of Plaintiff's employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because he was 59 years old, in violation of the Act.

79. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Age.

80. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to his age. The discrimination on the basis of Age constitutes unlawful discrimination.

81. As a direct and proximate result of the Defendant's intentional conduct,

Plaintiff suffered serious economic losses as well as mental pain and suffering.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff SEAN GLENN respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADEA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Liquidated damages;

e) Award Plaintiff prejudgment interest on his damages award;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT VI:**
**VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964: RETALIATION**

82. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 and above as if set out in full herein.

83. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this*

*subchapter.*" 42 U.S.C. § 2000e-3(a) (emphasis added).

84. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

85. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

86. Defendant through its practices and policies as employers, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff because of Plaintiff's complaints.

87. While employed by Defendant, Plaintiff complained to Defendant's sales manager John Donofrio, Defendant's President Steve Halliwell, Defendant's owner John Durante, Defendant's HR representative and Greg (ULN) regarding the discriminatory treatment described in paragraphs 10-30 of this Complaint.

88. Instead of taking action to resolve his complaints Plaintiff was moved to another job with no possibility for commission, and then terminated.

89. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

90. Any alleged nonretaliatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's participation in protected activity.

91. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights to engage in protected activity.

92. Retaliation on the basis of having engaged in protected activity constitutes unlawful retaliation.

93. As a result of the retaliation, Plaintiff has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

94. Defendant's acts, through its agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SEAN GLENN respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

e) Award Plaintiff punitive damages according to proof;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT VII:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1922 CHAPTER 760; RETALIATION

95. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 and above as if set out in full herein.

96. While employed by Defendant, Plaintiff complained to Defendant's sales manager John Donofrio, Defendant's President Steve Halliwell, Defendant's owner John Durante, Defendant's HR representative and Greg (ULN) regarding the discriminatory treatment described in paragraphs 10-30 of this Complaint.

97. Instead of taking action to resolve Plaintiff's complaints he was moved to another job with no possibility for commission, and then terminated.

98. The Defendant's above listed actions against Plaintiff were motivated by an intent to retaliate against Plaintiff for his protected activity under the FCRA.

99. As a direct and proximate result of the retaliation against Plaintiff, he has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation and physical injuries and distress.

WHEREFORE, Plaintiff SEAN GLENN respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

e) Award Plaintiff punitive damages according to proof;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT VIII:
## VIOLATION OF 42 U.S.C. § 1981

100. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 of this Complaint as if set out in full herein.

101. Plaintiff is a member of a protected class of black citizens.

102. At all times relevant, Plaintiff was in a contractual relationship with the Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

103. During the course of Plaintiff's employment with the Defendant, the Defendant has violated Plaintiff's rights by depriving him of his right to the enjoyment of all benefits, privileges, terms, and conditions of his employment contract as is enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

104. During Plaintiff's employment with the Defendant, Plaintiff has not enjoyed the same benefits, privileges, terms, and conditions of employment, as have non-black employees of the Defendant.

105. The Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 10-20 of this Complaint, denied Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

106. The Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 10-20, denied Plaintiff the right to make and enforce contracts as enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

107. Through its actions and treatment of Plaintiff, the Defendant intended to discriminate against Plaintiff based on Plaintiff's race.

108. During Plaintiff's employment with the Defendant, Plaintiff has been subjected to a discriminatory, hostile, and offensive work environment because of his race, as more fully described in paragraphs 10-20 of this Complaint.

109. The Defendant, at all times, had knowledge of the discriminatory acts and conduct in this Complaint.

110. As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

111. Plaintiff has suffered damages of an on-going and continuous nature.

WHEREFORE, Plaintiff SEAN GLENN respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against the Defendant for its violations of 42 U.S.C.A. § 1981, as amended;

b) Award Plaintiff actual damages suffered;

c) Award Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered;

d) Award Plaintiff prejudgment interest on his damages award;

e) Enjoin the Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this court deems equitable and just.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Dated: November 2, 2022.

                **s/ Brandon J. Gibson**
                Brandon J. Gibson
                Florida Bar No: 0099411
                E-mail: bgibson@rtrlaw.com
                REIFKIND, THOMPSON, & RUDZINSKI, LLP
                3333 W. Commercial Blvd, Ste. 200
                Ft. Lauderdale, Florida 33309
                Telephone: (954) 370-5152
                Facsimile: (954) 370-1992
                *Counsel for Plaintiff(s)*